## BELDAM v. GARLOCK PACKING CO.

District Court, W. D. New York.    February 10, 1928.

**1. Patents ⚫══328—1,000,293, claim 1, for packing for piston rods, held valid, but not infringed.**

Robinson patent, No. 1,000,293, claim 1, for fluid tight packing for piston rods, *held* valid, but not infringed.

**2. Patents ⚫══328—1,000,293, claim 1, held strictly construed, and limited to packing for piston rods having transverse slots in longitudinal cut along wearing surface, arranged in staggered relation.**

Robinson patent, No. 1,000,293, claim 1, for packing for piston rods, is directed to specific improvement on such packing, and must be strictly construed, and limited to packing having transverse slots in longitudinal cut along wearing surface, arranged in staggered relation, in view of prior art.

**3. Patents ⚫══112(3)—Presumption exists that later structure does not infringe earlier, where it may be inferred that Patent Office believed there were patentable differences.**

Where it may be inferred that it was view of Patent Office that there were patentable differences between two inventions, there is presumption that later is not infringement of earlier, even though it was designed to achieve and does achieve substantially same result.

**4. Patents ⚫══243(1)—To constitute infringement, there must be substantial identity of quantitative as well as qualitative character.**

In determining patent infringement, it is immaterial that words of claim may be applied to both structures, since there must be substantial identity of quantitative as well as of qualitative character.

**5. Patents ⚫══243(1)—When construction and operation of alleged infringing device is different from patent in suit, claim does not cover it.**

When construction and operation of alleged infringing device is found to be different from patent in suit, claim does not cover it.

**6. Patents ⚫══66(2)—Earlier patents are not deprived of effect as anticipations, where lack of commercial success was due to details of faulty construction, and principle is included in later patent.**

Where lack of commercial success of patents is attributable to details of faulty construction, and principle is included in later patent, earlier patents are not deprived of their effect as anticipations.

In Equity. Patent infringement suit by Cyril A. Beldam against the Garlock Packing Company. Bill dismissed.

Prindle, Wright, Neal & Bean, of New York City (Barton A. Bean, Jr., of Buffalo, N. Y., and Kenneth S. Neal, of New York City, of counsel), for plaintiff.

Fraser, Myers & Manley, of New York City, and Elijah W. Holt, of Buffalo, N. Y.

(Arthur C. Fraser and Louis E. Giles, both of New York City, of counsel), for defendant.

HAZEL, District Judge. This is a suit in equity to enjoin the alleged infringement of United States patent No. 1,000,293, of August 8, 1911, issued to George H. Robinson as assignor, on packing for piston rods. The object of the patentee was to furnish packing having a fluid-tight joint, one easily constructed and capable of conforming to the shape of the piston rod with which it was used. The packing is known as an anti-friction metal core packing. It is sold in lengths and used on piston rods of varying diameter, without the necessity of shaping to fit circles of a fixed roundness, and without buckling or other injury to the piston rods. The packing is provided with a metallic core combined with a fabric back, usually asbestos cloth laced with rubber. The core, or plurality of bars, all of the same length as the back, is formed with a longitudinal cut along the wearing surface, and with crosswise slots on each side of the cut. The slots are arranged in staggered relation to each other, to estop the discharge of fluid from the sides of the packing. In that way, it is said, the bars not only remain in proper relation to the fabric back, but, upon bending, they uniformly go around piston rods of various diameters. It is shown that the longitudinal cuts in the bar or bars are essential to enable bending the core, and to impart a sliding movement to close the transverse gaps, since, without the base of the back, the wearing surface would not be held together effectively, and without staggered slots there might be a buckling of the core and distortion of the packing.

Claim 1 only is in controversy. It reads as follows:

"Fluid-tight packing, comprising a bar of anti-friction metal formed with longitudinal cut along the wearing surface and transverse slots on each side of said cut, the transverse slots being arranged in staggered relation to one another as set forth."

The defenses are invalidity and noninfringement. The Patent Office, on filing the application, rejected the broader original claims contained therein, citing the patents to Curry, No. 1,540 of 1895, and Ross. No. 457,566—the first an English patent, and the latter a United States patent. By the amendment filed by the patentee he modified his statement, in the original specification, that each of the parts of the "longitudinally divided wearing face of the packing is di-

vided transversely by saw cuts or gaps," and substituted a limitation from saw cuts or gaps to transverse slots arranged in staggered relation to one another. Other prior patents, not cited by the Patent Office, have been considered by me, and, upon examining them in connection with the evidence, I conclude that the claim in issue must be strictly limited, viz. to a metallic core bar, or series of bars, thin in the center to aid bending, as shown in Fig. 1 of the drawings attached to the specification, compared with Fig. 3, and slotted from the end toward the center, so as to secure the transverse staggering on the wearing surface.

The patentee was not the first to adopt a flexible, semimetallic packing for piston rods, since prior structures show a packing having a metallic bendable core, which is contained in a backing of fabric or fibrous material, and flexible cores, which may be easily bent or curved into circular form to snugly fit the piston rod.

The patent of McCallum, No. 73,579, for example, shows wire packing in combination with a fibrous material. It is made in lengths, wire being interwoven with the fabric in such a way that the core may be bent to go around the piston rods and tightly fit the same. The wire parts are zigzagged or sinuously arranged in a parallel relation, while the loops of the wires are used to form a discontinuous surface divided by transverse slots in staggered relation, thus enabling the metallic parts of the packing to give "a continuous face or faces of metal" to the rubbing surface to diminish friction. While no longitudinal cuts co-operate with staggered transverse gaps, yet the citation warrants narrowing the scope of the claim in controversy.

So, also, the prior patent of Hughes, No. 425,160, which discloses a semimetal packing having a flexible metal core of nearly rectangular cross-sectional form—the core having a plurality of layers of folded sheet metal of the same thickness, arranged closely together to constitute a wearing surface. The specification states that the described packing will withstand the pressure of friction to which packings are subjected, and will form a steam-tight mass between it and the rod. The thin strips of sheet metal assembled in series comprise the core, which is in combination with an elastic back or basis of the packing. The wearing surface of the core is discontinuous, and its surface is divided by crosswise slots, which are in staggered relation to each other (see Fig. 7 of the patent drawings), thus imparting a continuous metal wearing face to the piston rod.

The adjustment of the bars and the fabric in plaintiff's packing is not like Hughes', but it suggests a different and more practical method of adjustment at the wearing face. The longitudinal cut along the wearing surface, to constitute transverse slots, clearly appears in the prior patents to Gundlach, Miller, and Rhodes, while the Redfern patent, No. 903,229, has a core built up of small segment blocks beveled to impart a tapering form, and, when assembled, form a complete ring. Blocks or segments are disposed side by side, when the packing is bent to go around the piston rod, while the transverse slots between the block segments impart elasticity and aid in curving the packing to the desired form.

The Beldam patent, No. 835,744, admittedly shows a practical, semimetallic, V-shaped packing, which was superseded by plaintiff's "V-Pilot" packing. It has a core of soft metal with transverse notches, point inwardly from the wearing surface, to allow the packing to bend to a desired curvature, while its core backing is of asbestos or fabric; the difference between it and the patent in suit being that the latter has a bar cut lengthwise in the wearing surface, with oppositely arranged staggered slots.

[1, 2] The citations satisfactorily show that the Robinson patent in suit, though valid, is not entitled to a construction beyond its actual achievement. The changes and modifications made by the patentee in the piston rod packing of the prior Beldam patent no doubt added to its efficiency and durability, without, however, solving any difficult problems in doing so, and, accordingly, claim 1 is limited, as heretofore stated, to a packing having transverse slots in a longitudinal cut along the wearing surface, arranged in staggered relation—a limitation that is deemed supported by the prior art; and, as thus limited, the defendant's device, as disclosed in the Hubbard patent, No. 1,651,277, or Garlock 377, is not an infringement. There are patentable differences between the two inventions, even though it be assumed that claim 1 is literally readable on defendant's structure. Such, it may be inferred, was the view of the Patent Office.

[3-5] Therefore a presumption exists that the later structure is not an infringement of the earlier (Boyd v. Janesville Tool Co., 158 U. S. 260, 15 S. Ct. 837, 39 L. Ed. 973), even though it was designed to achieve and does achieve substantially the same result

(Goodyear Shoe Machine Co. v. Spaulding [C. C.] 101 F. 990). It makes no difference that the words of the claim may be applied to both structures, since there must be substantial identity, as was said in the case last cited, of a quantitative as well as a qualitative character. Edison v. American Mutoscope Co. (C. C. A.) 151 F. 767. And when the construction and operation of an alleged infringing device is found to be different from the patent in suit, the claim does not cover it. Linde Air Products Co. v. Morse, etc. (C. C. A.) 246 F. 838; Silver & Co. v. Sternau (C. C. A) 258 F. 448.

In defendant's structure the packing was made from a thin sheet of soft metal of the same thickness, and by creasing, corrugating, or plaiting, and perforating, a laminated core of rectangular cross-section form is produced. It is made up of folds or thicknesses of the metal, and is given a somewhat broad working surface by the adaptation of a series of narrow surface elements. The perforations in the core are disposed in the blank to show diagonal gaps or breaks, to enable ready bending to conform to piston rods of varying diameters. The blanks used are different from plaintiff's, as is also the packing, which, in construction and appearance, is noticeably unlike plaintiff's. In plaintiff's structure the core, as the specification shows, comprises a shaped bar with thick edge portions tapered inwardly towards the center. Nor has the core of defendant's structure any transverse slots, as that term is defined and distinguished from the broader terms "gaps" or "saw cuts."

There are other distinguishing features, but reference to them is unnecessary, since enough appears to show that Hubbard's invention, under which defendant's structure was produced, is an improvement of flexible piston rod packings on principles patentably different from plaintiff's packing.

[6] In argument plaintiff urges that the prior art patents, to which reference has been made, were mere paper patents, and therefore should be given no consideration. But, assuming that they did not go into extensive public use or demonstrate their commercial value (though such criticism is not applicable to all), they were, nevertheless, subject to examination, since the existing difference between plaintiff's structure and prior art structures related, in the main, to the details of construction without any close bearing upon the inventions, and the rule is that, if their lack of commercial success is attributable to details of faulty construction, and the principal is included in a later patent, they are not deprived of their effect as anticipations. Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749; Van Epps v. United Box Co. (C. C. A.) 143 F. 874. Other matters argued at the bar have been examined, but are not of substantial importance.

My conclusion is that claim 1 is directed to a specific improvement on a packing for piston rods, and must be strictly construed, and, when so construed, defendant's packing, known as "Garlock 377," is not an infringement thereof. The bill must be dismissed, with costs.